IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THE FARMERS & MERCHANTS STATE BANK, | ) ) ) |
| Plaintiff, | ) Case No. 3:09-0376 ) ) |
| v. | ) Judge Thomas A. Wiseman, Jr. ) |
| DIRECT SCAFFOLD SERVICES, CO., LLC, | ) ) ) |
| Defendant. | ) ) |

**ORDER (A) APPROVING THE SALE OF DIRECT SCAFFOLD'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) ESTABLISHING BIDDING AND AUCTION PROCEDURES RELATED TO THE SALE OF SOME OR ALL OF DIRECT SCAFFOLD SERVICES, CO., LLC'S ASSETS; (C) APPROVING BID PROTECTIONS FOR SALE OF DIRECT SCAFFOLD'S ASSETS; (D) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, AND AGREEMENTS; AND (E) GRANTING CERTAIN RELATED RELIEF**

Upon the Motion of Michael E. Collins, the Appointed Receiver (the "Receiver") of Direct Scaffold Services, Co., LLC ("Direct Scaffold" or "DSS"), for entry of an order (the "Bidding Procedures Order") (A) establishing bidding and auction procedures (the "Bidding Procedures") in connection with the potential sale of substantially all of Direct Scaffold's assets (the "Assets"), free and clear of all claims and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever (sometimes, collectively, the "Interests"), except to the extent identified in a Successful Bidder's (defined below) asset purchase agreement; (B) approving the proposed bid protections to a Stalking Horse Bidder (the "Stalking Horse Bidder") in accordance with that certain Asset

488465

Purchase Agreement attached hereto (the "Asset Purchase Agreement") for the purchase of the Assets (defined below); (C) scheduling an auction (the "Auction") and setting a date and time for a preliminary hearing (the "Preliminary Hearing") approving the bidding procedures upon any objections to the Motion by an objection deadline; (D) scheduling a sale hearing (the "Sale Hearing") for approval of the Sale of the Assets; (E) approving the form and manner of notice of all procedures, protections, schedules and agreements; and (F) granting certain related relief, and approving and authorizing the sale of Assets (the "Sale"), free and clear of all liens claims and interests, except to the extent set forth in a Successful Bidder's (defined below) asset purchase agreement; and authorizing the assignment of certain contracts and unexpired leases (the "Motion"); and an objection to the Motion having been filed by Formwork-Shore All; and a preliminary hearing having been held on October 27, 2009 to approve the Motion with appearances by Michael E. Collins and Neesha Hetcher for the Receiver, Kevin Baltz for Farmers & Merchants State Bank, and Robert Kolarich for Formwork-Shore All; and based upon the pleadings and the arguments of counsel, and the Receiver's representation that the proposed procedures are, in his business judgment, the best way to maximize the value of the receivership estate, it is hereby

**FOUND AND DETERMINED THAT:**

    A.    The form and manner of notice of the Sale as set forth in the Motion is adequate and proper under the circumstances of this case.

    B.    The proposed bidding procedures are fair and reasonably calculated to maximize the auction value of the assets.

C. The stalking horse break-up fee is reasonable based on the circumstances of the sale and the receiver has demonstrated a compelling and sound business justification for the same.

D. Entry of this Bid Procedures Order is in the best interests of the receivership estate.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The bidding procedures as set forth in the Motion are approved and any and all objections to such procedures are overruled except to the extent provided in this Bid Procedures Order.

2. The Receiver is authorized and empowered to sell all of the assets of Direct Scaffold free and clear of all liens, claims and interests, with any such liens, claims or interests to attach to the proceeds of the sale in the same order of priority.

3. Any claims secured by properly perfected liens in trucks owned by DSS, including such trucks that remain legally titled to Direct Scaffold & Ladder Co., LLC, shall be paid from the proceeds of the sale.

4. The Receiver is authorized to assign to the successful bidder DSS's rights under any unexpired leases or executory contracts to the extent that the successful bidder elects to take such assignment.

5. In resolution of the objection filed by Formwork-Shore All, the Receiver shall file with the Court a complete list of assets of DSS by no later than October 30, 2009, and Formwork-Shore All shall be given opportunity to inspect the assets of DSS.

6. The following bid procedures shall be in effect for the sale:

**Participation Requirements:** Any person that wishes to participate in the Bidding Process (a "<u>Potential Bidder</u>") must become a "Qualified Bidder." As a

prerequisite to becoming a Qualified Bidder, a Potential Bidder must deliver (unless previously delivered) to the Receiver, not later than November 25, 2009:

  ii. A letter of indication stating the intent to bid on the assets of Direct Scaffold and the estimated purchase price and consideration for such Assets (including any assets to be excluded from such bid, if any); and

  iii. Sufficient information, as may be requested by the Receiver, to allow the Receiver to determine that the bidder has the financial wherewithal to close a sale of the Assets on which the bidder intends to bid, including, but not limited to, a signed commitment for any debt or equity financing, a bank account statement showing the ability of a Potential Bidder to pay cash for the designated Assets, and current audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Receiver) of the Potential Bidder or those entities that will guarantee the obligations of the Potential Bidder.

A "Qualified Bidder" is a Potential Bidder that delivers the documents described in subparagraphs (i) - (iii) above, and that the Receiver determines is reasonably likely (based on financial information submitted by the Potential Bidder, the availability of financing, experience and other consideration deemed relevant by the Receiver), to submit a bona fide offer and be able to consummate a sale if selected as the Successful Bidder (defined below). Notwithstanding the foregoing, the Stalking Horse Bidder and the Secured Lenders shall be deemed Qualified Bidders. Not later than three (3) business days after a Potential Bidder delivers all of the materials required by subparagraph (i) - (iii) above, the Receiver shall determine and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder.

**Bid Deadline:** A Qualified Bidder that desires to make a bid shall deliver written copies of its bid to the Receiver not later than 5:00 p.m. (Central Standard Time) on November 25, 2009 (the "Bid Deadline").

**Bid Requirements:** All bids, other than the Stalking Horse Bid, must include (unless such requirement is waived by the Receiver in his sole and absolute discretion) the following information and documents (the "Required Bid Materials"):

  i. For bids that cover the Assets, a purchase price equal to or greater than the Stalking Horse Bid plus the Initial Bid Increment (the "Minimum Asset Bid Amount").

  ii. A letter stating that the bidder's offer is irrevocable until two (2) business days after the Assets on which the Qualified Bidder is submitting a bid have been sold pursuant to the closing of the sale or sales approved by the Court.

488465  4
Case 3:09-cv-00376 Document 21 Filed 10/30/09 Page 4 of 7 PageID #: 234

iii. All Qualified Bids must provide a commitment to close as soon as reasonably practicable following the entry of the Sale Order.

iv. A deposit in the amount of $50,000.00 shall be placed in escrow by the successful bidder at the conclusion of the Auction, unless otherwise specified in the Asset Purchase Agreement.

v. Written evidence of a commitment for financing or other evidence of proposed purchaser's ability to consummate the proposed transaction.

A bid received from a Qualified Bidder that includes all of the Required Bid Materials is a "Qualified Bid." The Receiver reserves the right to determine the value of any Qualified Bid (either by itself or in connection with one or more other Qualified Bid or Direct Scaffold's other restructuring alternatives), and which Qualified Bid constitutes the highest or best offer. Notwithstanding the bid requirements detailed above, the Stalking Horse Bid shall be deemed a Qualified Bid.

**The Auction and Auction Procedures:** If a Qualified Bid, other than that submitted by the Stalking Horse Bidder or any Additional Stalking Horse Bidder, has been received by the Receiver, the Receiver may conduct an auction (the "Auction") with respect to all or some of the Assets. The Auction shall be conducted at Manier & Herod, P.C. One Nashville Place, Suite 2200, 150 Fourth Avenue North, Nashville, TN 37219 (the "Auction Site") at 10:00 a.m. (Central Standard Time) on December 2, 2009 (the "Auction Date"), or such other place and time as the Receiver shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth above.

Except as otherwise provided herein, or as restricted by the Purchase Agreement, based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Receiver determines is relevant, the Receiver may conduct the Auction in any manner that he determines will achieve the maximum value for the Assets.

If Qualified Bidders submit Qualified Bids, then as soon as practicable after the conclusion of the Auction or, if the Receiver determines not to hold an Auction, then promptly following the Bid Deadline, the Receiver shall (i) review each Qualified Bid on the basis of the financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale and (ii) identify the highest or otherwise best offers for the Assets (to the extent any such bid is acceptable to Receiver, each a "Successful Bid" and each bidder making such bid, a "Successful Bidder"). At the Sale Hearing, the Receiver may present any Successful Bids to the Court for approval. The Receiver reserves all rights not to submit any bid which is not acceptable to the Receiver for approval to the Court. The Stalking Horse Bid is a

qualified and acceptable bid for all purposes. Except as otherwise provided herein or as restricted by the Asset Purchase Agreement, the Receiver, in the exercise of his fiduciary duties, may adopt rules for bidding at the Auction that, in his business judgment, will better promote the goals of the bidding process or any order of the Court entered in connection herewith.

7. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of the Court that the Bidding Procedures be authorized and improved in their entirety, except with to the extent such procedures are expressly modified by this Bid Procedures Order.

8. The Stalking Horse Break-Up Fee of 2% of $46,000 is hereby approved and the Receiver is authorized to pay such amount from the sale proceeds pursuant to the terms of the Asset Purchase Agreement and the Bidding Procedures and such fee shall be the sole remedy of the Stalking Horse Bidder in the event that the Stalking Horse Bidder is not approved by the Court as the Buyer.

9. A Sale Hearing to approve the sale of the Assets and authorizing the assignment of leases and contracts shall be held on Thursday, DECEMBER 3, 2009, at 10:00 a.m. Objections to the Sale, if any, must be filed a served on the Receiver by December 7, 2009 at 4:00 p.m CST.

10. Within three (3) days after the entry of the Bidding Procedures Order (the "Mailing Date") or as soon thereafter as practicable, the Receiver (or his agents) shall serve the Motion, the Asset Purchase Agreement, the Bidding Procedures and a copy of the Bidding Procedures Order, by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to any of the Assets, individually or as part of a package, during the past six (6) months; (ii) all entities known

to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; and (iii) the Secured Lenders. On the Mailing Date or as soon thereafter as practicable, the Receiver (or his agents) shall serve by first class mail, postage prepaid, a sale notice (the "Sale Notice") upon all other known creditors of Direct Scaffold.

11. As soon as possible after the conclusion of the auction the Receiver shall file, but not serve, a notice identifying any Successful Bidder.

12. No additional notices shall be required to any party except as required by a further order of the Court.

13. This Order shall be binding on and inure to the benefit of any Successful Bidder and its affiliates, successors and assigns, and to the Receiver, and his successors and assigns.

14. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon entry.

*[Signature: Thomas A. Shriner Jr.]*

SUBMITTED FOR ENTRY BY:

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins (#016036)
Neesha S. Hetcher (#026579)
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, TN 37219
(615)244-0030
Fax: (615)242-4203
mcollins@manierherod.com
nhetcher@manierherod.com