UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE FARMERS & MERCHANTS STATE BANK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 3:09-cv-0376 ) Judge Sharp ) |
| DIRECT SCAFFOLD SERVICES CO., LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM

Contractor's Access Equipment, Inc. ("CAE") filed a Motion to Enforce Judgment (Docket No. 54) arising out this Court's December 14, 2009 Order (Docket No. 27) against the Receiver, Michael Collins, and Plaintiff, The Farmers & Merchants State Bank ("Bank"). Both the Receiver and the Bank oppose the Motion. Oral arguments on this matter were heard on January 20, 2015. For the reasons that follow, the Court concludes that the Order is not enforceable as to the Receiver, but may be enforceable as to Plaintiff.

### I. FACTUAL BACKGROUND

The Bank filed an action seeking appointment of a Receiver for Defendant, Direct Scaffold Services, Co., LLC ("DSS") in this Court. The Court appointed Michael E. Collins as the Receiver for DSS. The Receiver held a Court-approved auction sale at which CAE was the successful bidder and purchased the assets of DSS. In the December 14, 2009 Order, the Court approved the sale of DSS's assets to CAE. The Order, which identified CAE as the "Successful Bidder," decreed that CAE "shall take the Assets free and clear of all liens, claims and interests,

1

with any such liens, claims or interests to attach to the proceeds of the sale in the same order of priority." (Docket No. 27 p. 3).

On November 10, 2010, the Receiver and CAE executed a Settlement and Release Agreement in which CAE released the Receiver, DSS and their agents from any and every claim and liability, past and present, known and unknown, that CAE has or had against them. (Docket No. 56-2). The Settlement and Release Agreement also contained adjustments to the purchase price of DSS's assets which were outlined in a Settlement Statement attached to the agreement.

This Court terminated the receivership and dismissed the case on November 24, 2010 in an Order approving the Final Report of the Receiver. This Order approved, among other things, the final, adjusted purchase price of DSS's assets, and incorporated the Settlement Statement from the Settlement and Release Agreement. It also approved distribution of DSS's liquidated assets to the Bank. (Docket No. 50-51).

CAE alleges, and the Bank and Receiver do not dispute, that two creditors of DSS asserted claims against CAE as successor-in-interest to DSS. First, Rankin County, Mississippi asserted a claim against CAE in early 2010 (while the receivership was still open) for unpaid personal property taxes. Then, in April 2014 (after termination of the receivership) Stone County, Mississippi asserted similar claims. CAE notified and requested assistance from the Receiver and the Bank but did not receive any. CAE alleges it was forced to settle with Rankin County for $107,184.54, which has been paid, and with Stone County for $56,656.42 plus interest at a rate of 1% per month in monthly installments of $2,500 which is being paid monthly.

On July 18, 2014, CAE filed a motion to enforce the Court's December 14, 2009 Order approving the sale of DSS's assets to CAE. Specifically, CAE argues that the Receiver violated

2

that part of the Court's order requiring the Receiver to sell CAE DSS's assets free and clear of all liens, claims and encumbrances. CAE asserts claims against the Bank because it is in possession of the proceeds of the sale, which, according to the Order, must satisfy any liens, claims, or encumbrances asserted against the assets.

The Receiver disputes liability, and argues that any claims against him have been released pursuant to the Settlement and Release Agreement. The Bank contends that CAE does not have standing to bring this action, and, if it does, the Court does not have the power to enforce the Order against it because the Order does not apply to the Bank. Finally, the Bank argues that CAE released claims against it under the Settlement and Release Agreement and/or CAE's claims against the Bank are time-barred.

## II. ANALYSIS

### A. The Receiver

This Court finds that the Receiver is released from liability pursuant to the Settlement and Release Agreement ("the Agreement"). The Agreement provides that on November 10, 2010, CAE released and forever discharged the Receiver from "[a]ny and every claim, debt, demand, cause of action, obligation, damage and liability of any nature whatsoever (whether or not known, suspected or claimed, and whether sounding in contract or in tort) which [CAE] had or currently ha[s] against the [Receiver]." (Docket No. 57-1). Interpreting the terms in the Agreement to have their usual, natural and ordinary meaning, the Court finds that the Agreement bars CAE's claims against the Receiver for the two instances of alleged tax liability which are the subject of the present motion. See Union Planters Nat'l Bank v. American Home Assurance, Co., 865 S.W.2d 907, 912 (Tenn. Ct. App. 1993) (finding that general principles of contract law

require courts to give words in contracts their usual, natural and ordinary meaning and enforce the terms as written).

CAE argues that the Agreement does not release the Receiver from liability because Paragraph 7 makes the Agreement subject to the approval of the Court, and such approval did not occur. However, the Agreement received approval from the Court in its Order approving the Receiver's final report and terminating the receivership. (Docket No. 51). In his Motion to Approve Receiver's Final Report (Docket No. 50), the Receiver asked for approval of the final purchase price of DSS's assets, as modified by the Agreement, and attached the Settlement Statement from the Agreement detailing the purchase price as an exhibit (Docket No. 50-2). The Court, therefore, approved the terms of the Agreement in its Order approving the Receiver's final report, and the condition in Paragraph 7 of the Agreement is satisfied. As such, the Receiver is released from the claims asserted against him by CAE in this action, and CAE's Motion to Enforce Judgment will be dismissed as to the Receiver.

**B. The Bank**

The Bank seeks dismissal of CAE's motion on the grounds that CAE lacks standing to bring the motion, the court lacks jurisdiction to enforce the motion, the Bank is released from the claims asserted by CAE, and the motion is time-barred. For the reasons that follow, the Court concludes that the Bank should not be dismissed.

CAE brings this action pursuant to Federal Rule of Civil Procedure 71 which provides that a nonparty in whose favor an order is made may enforce obedience to the order by the same process as if it were a party. Fed. R. Civ. P. 71. The Bank, however, argues that CAE lacks standing to bring this motion because the Order was not made in favor of CAE.

This Court finds that CAE properly brings this Motion pursuant to Rule 71 because the Order directly benefits and is in favor of CAE. CAE is explicitly named in the Order as the "Successful Bidder," and the Order not only approves the sale of DSS's assets to CAE, but also provides that CAE "shall take the Assets free and clear of all liens, claims and interests, with any such liens, claims or interests to attach to the proceeds of the sale in the same order of priority." (Docket No. 27). From these facts, it is clear that the Order was made in favor of CAE.

The Bank argues that in order to have standing under Rule 71, federal precedent requires CAE to be a party to the Order. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) (stating, in dicta, that a consent decree is not enforceable by those who are not parties to it even though they were intended beneficiaries). Notwithstanding the fact that requiring an entity to be a party to a judgment in order to have standing under Rule 71 potentially renders Rule 71 a nullity, the Court is not persuaded by the cases cited by the Bank because they deal with third party enforcement of consent decrees, not receivership orders. See, e.g., U.S. v. American Soc. Of Composers, Authors and Publishers, 341 F.2d 1003 (2d. Cir. 1964) (finding that a party did not have standing to enforce a consent decree under Rule 71 where the consent decree was not made in the party's favor). In this case, the order at issue relates to the Court's oversight of a receiver in a receivership proceeding. Receivership orders are made to further the Court's equitable purpose in fairly administering the receivership estate. See Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 552 (6th Cir. 2006) ("Once assets are placed in receivership, a district court's equitable purpose demands that the court be able to exercise control over claims brought against those assets.") Not allowing a party such as CAE, who bought the receivership estate's assets, to independently enforce a judicial order laying out the terms of the sale would hinder the court's ability to effectively and equitably oversee receiverships. Because the facts

5

show that the Order was made in favor of CAE, and Rule 71 defines a clear procedural path through which a party who is benefitted by an order may enforce it, CAE's claims against the Bank will not be dismissed due to lack of standing.

Additionally, the Bank argues that CAE does not have standing under Rule 71 because enforcing the Order would require the Court to accept CAE's allegations as true, which is improper under Rule 71. This argument, however, is illogical because the fact of CAE's standing does not require that the Court enforce CAE's Motion without further proof from the parties. See Heartland Hosp. v. Thompson, 328 F.Supp.2d 8, 11 (D.D.C. 2004) (finding that Courts grant motions to enforce judgments when it is demonstrated that a party has not complied with a judgment). Furthermore, the Court could find no authority for the Bank's unsupported proposition that standing under Rule 71 depends on whether a Motion to Enforce Judgment may be granted without further proof from the moving party. Thus, the Court's finding that CAE has standing under Rule 71 remains intact and is separate and distinct from the issue of whether CAE can ultimately prevail.

The Bank also contends that CAE's motion should not be granted because the Order does not apply to the Bank. Specifically, the Bank argues that the Court does not have the power to enforce the Order against the Bank because the Order does not require the Bank to do anything. However, the Bank retains the proceeds of the sale of receivership assets, and the court has jurisdiction over those proceeds pursuant to its broad powers and wide discretion to safeguard and administer the receivership estate, and to achieve a final, equitable distribution of the assets. See Liberte Capital Group, 462 F.3d 543, 551-52 (6th Cir. 2006) ("[T]he district court's purpose in [appointing a receiver] is to safeguard the disputed assets, administer the property as suitable, and to…achieve a final, equitable distribution of the assets if necessary."). See also, S.E.C. v.

American Capital Investments, Inc., 98 F.3d 1133, 1144 (abrogated on other grounds)(citing 2 Clark on Receivers §§ 342, 344, 482(a), 487, 489, 491) (finding that when a court of equity orders property in its custody to be sold, the court itself, as vendor, confirms the title in the purchaser, protects the purchaser against interference, and assures him a quiet title and quiet enjoyment.)

Moreover, the Court has jurisdiction to enforce its own judgments, even in situations where it would otherwise lack jurisdiction. U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 496 (1st Cir. 2000) (finding that 'enforcement jurisdiction' refers to that portion of ancillary jurisdiction based on the inherent power of federal courts to exercise jurisdiction in order to enforce their judgment in certain situations where jurisdiction would otherwise be lacking). Because the Order in this case requires any liens, claims or encumbrances against the sold assets to attach to the proceeds of the sale, the Court may retain jurisdiction over the proceeds in an action by the purchaser to enforce the Order. Accordingly, the Bank's argument that CAE's motion should be denied because the Order does not apply to the Bank is without merit.

Next, the Bank argues that CAE's claims against it are released pursuant to the Settlement and Release Agreement. The Bank, however, was not a party to the Agreement, and, therefore, no claims against it were released. Thus, the Bank may not obtain dismissal of CAE's claims based on the Agreement.

Finally, the Bank asserts that any claims CAE has against it are time-barred. The entirety of the Bank's limitations argument is asserted in a single sentence of its response brief, and fails to cite the applicable statute of limitations, assert sufficient supporting facts, or otherwise adequately articulate an argument for dismissal. As such, the Court concludes that this issue is

not ripe for determination, and dismisses the Bank's objection without prejudice and with leave for the Bank to revisit the issue at a later date.

### III. CONCLUSION

On the basis of the foregoing, CAE's Motion to Enforce Judgment will be dismissed as to the Receiver, and will remain pending as to the Bank. The Court will refer this case to the Magistrate Judge for further case management regarding any remaining issues related to CAE's Motion to Enforce Judgment in accordance with the Court's Order regarding this matter.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE